1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   ENRIQUE MADRIGAL LOPEZ,                    1:15 -cv-00139 JLT (HC)

12              Petitioner,                     ORDER DENYING MOTION FOR
                                                APPOINTMENT OF COUNSEL (Doc. 2)
13        v.
                                                ORDER DENYING MOTION FOR
14   SCOTT FRAUENHEIM,                          DISCOVERY (Doc. 3)

15              Respondent.

16

17        Petitioner has requested the appointment of counsel.  (Doc. 2).  There currently exists no

18   absolute right to appointment of counsel in habeas proceedings.  See, e.g., Anderson v. Heinze,

19   258 F.2d 479, 481 (9th Cir. 1958); Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984).

20   However, Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of

21   the case if "the interests of justice so require."  See Rule 8(c), Rules Governing Section 2254

22   Cases.  In the present case, the Court does not find that the interests of justice require the

23   appointment of counsel at the present time.

24        Regarding Petitioner's motion for discovery, the writ of habeas corpus is not a proceeding

25   in the original criminal prosecution but an independent civil suit." Riddle v. Dyche, 262 U.S. 333,

26   335-336, 43 S.Ct. 555, 555 (1923); See, e.g. Keeney v. Tamayo-Reyes, 504 U.S. 1, 14, 112 S.Ct.

27   1715, 1722 (1992) (O'Connor, J., dissenting).  A habeas proceeding does not proceed to "trial"

28   and, unlike other civil litigation, a habeas corpus petitioner is not entitled to broad discovery.

1

Bracy v. Gramley, 520 U.S. 899, 117 S.Ct. 1793, 1796-97 (1997); Harris v. Nelson, 394 U.S. 286, 295, 89 S.Ct. 1082, 1088-89 (1969).  Instead, modern habeas corpus procedure has the same function as an ordinary appeal.  Anderson v. Butler, 886 F.2d 111, 113 (5th Cir. 1989); O'Neal v. McAnnich, 513 U.S. 440, 442, 115 S.Ct. 992 (1995) (federal court's function in habeas corpus proceedings is to "review errors in state criminal trials" (emphasis omitted)).

Indeed, the United States Supreme Court recently reaffirmed that, under AEDPA review, "evidence introduced in federal court has *no bearing* on § 2254(d)(1) review.  If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitations of § 2254(d)(1) **on the record that was before that state court**." Cullen v. Pinholster, ___U.S. ___, 131 S.Ct. 1388, 1400 (2011)(emphasis supplied); see 28 U.S.C. § 2254(d)(1)(setting forth the applicable standard for federal habeas review as whether the state court adjudication was "contrary to" or an "unreasonable application" of "clearly established federal law").

As a result, a habeas petitioner does not have the right to inquire into all matters which are relevant to the subject matter involved in the pending action, whether admissible at trial or not. Harris, 394 U.S. at 297.  "Such a broad-ranging preliminary inquiry is neither necessary nor appropriate in the context of a habeas corpus proceeding." Id.  Elaborate discovery procedures would cause substantial delay to prisoners and place a heavy burden upon courts, prison officials, prosecutors, and police.  Id.

Although discovery is available pursuant to Rule 6, it is *only* granted at the Court's discretion, *and upon a showing of good cause*.  Bracy, 117 S.Ct. 1793, 1797; McDaniel v. United States Dist. Court (Jones), 127 F.3d 886, 888 (9th Cir. 1997); Jones v. Wood, 114 F.3d 1002, 1009 (9th Cir. 1997); Rule 6(a) of the Rules Governing Section 2254.  The Advisory Committee Notes to Rule 6 of the Rules Governing Section 2254 Cases emphasize that Rule 6 was not intended to extend to habeas corpus petitioners, as a matter of right, the Federal Rules of Civil Procedure's broad discovery provisions.  Rule 6, Advisory Committee Notes (quoting Harris, 394 U.S. at295, 89 S.Ct. at 1089).

Here, Petitioner has failed to show good cause for being granted even limited discovery.

2

1   Petitioner contends that he needs to issue subpoenas duces tecum for various documents from the

2   Public Defender, the District Attorney, and the police department.  However, as mentioned above,

3   this proceeding is essentially an appeal, not a trial.  The Court has already ordered a response

4   from Respondent, and should Respondent file an Answer, the Answer will necessarily include all

5   relevant documents relating to the issues raised by Petitioner in the petition.  However, this

6   Court's review of Petitioner's claim is limited to that state court record. Cullen v. Pinholster,

7   ___U.S. ___, 131 S.Ct. at 1400.  Except in the rarest of circumstances, Petitioner is not entitled to

8   introduce additional evidence that the state court has not already considered.

9                                                         ORDER

10          For the foregoing reasons, it is HEREBY ORDERED as follows:

11          1.          Petitioner's request for appointment of counsel (Doc. 2), is DENIED;

12          2.          Petitioner's motion for discovery (Doc. 3), is DENIED.

13   IT IS SO ORDERED.

14

15     Dated:    **January 29, 2015**                       **/s/ Jennifer L. Thurston**
                                                     UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28