UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE MADRIGAL LOPEZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>SCOTT FRAUENHEIM,<br><br>　　　　　Respondent. | Case No.: 1:15-cv-00139-LJO-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS (Doc. 17)<br><br>ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY-ONE DAYS |

　　　　Before the Court is Respondent's motion to dismiss the petition for lack of exhaustion. (Doc. 17). Because the Court concludes the petition is entirely unexhausted, the Court recommends the motion be **GRANTED**.

**I.　　Procedural Grounds for Motion to Dismiss**

　　　　Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

　　　　The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state

procedural default); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a Respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See <u>Hillery</u>, 533 F. Supp. at 1194 & n. 12.

### A.	**Exhaustion.**

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court.  <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995); <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  <u>Duncan</u>, 513 U.S. at 365 (legal basis); <u>Kenney v. Tamayo-Reyes</u>, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  <u>Duncan</u>, 513 U.S. at 365-66; <u>Lyons v. Crawford</u>, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir. 1999); <u>Keating v. Hood</u>, 133 F.3d 1240, 1241 (9th Cir. 1998).  In <u>Duncan</u>, the United States Supreme Court reiterated the rule as follows:

> In <u>Picard v. Connor</u>, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted).  If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

<u>Duncan</u>, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added), as amended by Lyons v. Crawford, 247 F.3d 904, 904-5 (9th Cir. 2001).

Where, as here, none of the petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no exhausted claims. Raspberry, 448 F.3d at 1154.

Here, the instant petition contains seven claims alleging ineffective assistance of trial and appellate counsel: (1) inadequate investigation of the crime scene; failure to request a Pitchess motion; (3) failure to introduce at trial evidence of a vindictive or retaliatory motive by Detective Joseph Carrillo; (4) failure to request an expert on the ammunition case; (5) failure to subpoena co-defendant Manuel Duarte; (6) failure to call a material witness present during the probation search; and (7) ineffective assistance of appellate counsel in failing to raise the issues that trial court failed to raise.

Respondent lodged documents with the Court establishing that Petitioner did not raise any of these issues during either his direct appeal or in subsequent state habeas corpus proceedings. On direct appeal, Petitioner raised a single argument, i.e., that evidence of the ammunition case was improperly admitted at trial. In his habeas corpus proceedings before the California Supreme Court, Petitioner raised two claims of ineffective assistance of trial counsel, i.e., (1) failure to request an instruction on duress; and (2) failure to retain an expert on video recording. (Lodged Document ("LD") 7).

From the foregoing, the Court concludes Petitioner has not presented any of the claims in the

instant petition to the California Supreme Court as required by the exhaustion doctrine. Because Petitioner has not presented his claims for federal relief to the California Supreme Court, the Court must dismiss the petition. See Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997). The Court cannot consider a petition that is entirely unexhausted. Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Calderon, 107 F.3d at 760.

Petitioner argues that the numerous exhausted ineffective assistance of counsel claims raised in the state court should somehow be "incorporated" into the claims in the instant petition and that such claims should somehow then be considered exhausted. However, claims have either been "fairly presented" to the state court as federal constitutional issues or they have not. Petitioner presented two claims of ineffective assistance to the California Supreme Court. He did not raise those exhausted issues in the instant petition. Instead, he raises seven other claims of ineffective assistance that have never been presented to the California Supreme Court. In other words, the instant claims are completely unexhausted. The fact that other, separate claims of ineffective assistance were previously exhausted in state court but never raised in the instant petition is a fact completely irrelevant to the determination of Respondent's motion to dismiss. An examination of the ineffective claims exhausted in state court and raised in the instant petition shows that the claims share the same legal denomination, i.e., ineffective assistance, but are otherwise completely distinct from one another, relying upon entirely separate factual bases for support. Accordingly, the claims cannot be "incorporated," "merged," "co-mingled," or otherwise blended together to somehow arrive at an exhausted claim. Thus, the claims presented in the petition are unexhausted which requires the Court to dismiss it.

Second, Petitioner argues for a stay of proceedings to permit him to exhaust his claims in state court. However, Petitioner's reliance upon Rhines v. Weber, 544 U.S. 269 (2005), and Kelly v. Small, 315 F.3d 1063 (9th Cir. 2004) is misplaced. The procedure outlined in Kelly was originally fashioned by the Ninth Circuit to avoid the harsh result of federal cases that did not permit the district courts to entertain habeas petitions that were not completely exhausted. Thus, Kelly permitted a petitioner to dismiss the unexhausted claims, receive a stay of proceedings, then exhaust those unexhausted claims, return to the district court, and amend the stayed petition to add the newly-exhausted claims. Rhines

went one step further by obviating the need for a petitioner to first dismiss the unexhausted claims, and instead permitted petitioners with a "mixed" petition to receive a stay, go directly to state court to exhaust the unexhausted claims, and then return to federal court when those claims were fully exhausted.

However, in <u>neither</u> situation did either the U.S. Supreme Court or the Ninth Circuit permit a stay of proceedings where, as here, *all of the claims in the petition are unexhausted*.  Indeed, <u>Rose v. Lundy</u>, *supra*, which requires that a completely unexhausted must be dismissed, is still the relevant precedent in that situation.  Because all of the claims in the instant petition are unexhausted, no stay is possible.  Therefore, Respondent's motion to dismiss should be granted and the petition should be dismissed for lack of exhaustion.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED for lack of exhaustion.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

**Within 21 days** after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed **within ten <u>court</u> days** after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 15, 2015**              **/s/ Jennifer L. Thurston**
                                    UNITED STATES MAGISTRATE JUDGE